

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § § § | |
| **v.** | § | CASE NO. 9:11-CR-42-001 |
| **MAXIE DECKARD** | § § | |

### FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE BEFORE THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(i) and 3583(e). The United States alleges that the defendant, Maxie Deckard, violated conditions of supervised release imposed by The Honorable Ron Clark, Chief United States District Judge. The United States Probation Office filed its First Amend Petition for Warrant or Summons for Offender Under Supervision (doc. #49) requesting the revocation of the defendant's supervised release. The Court conducted a hearing on June 15, 2016, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. The defendant was present and represented by counsel at the hearing. Having heard the evidence, this court factually finds that the defendant has violated conditions of supervision and recommends that such violation warrants the revocation of his supervised

release.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure11, the Court finds:

a. That the defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

b. That the defendant is fully competent and capable of entering an informed plea, that the defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## **STATEMENT OF REASONS**

**A. Procedural History**

Maxie Deckard was sentenced on August 12, 2012, before The Honorable Ron Clark, Chief United State District Judge of the Eastern District of Texas after pleading guilty to the offense of Possession with Intent to Distribute 28 Grams or More of Cocaine Base, a Class B felony. This offense carried a statutory maximum imprisonment term of forty (40) years. The guideline imprisonment range, based on a total offense level of 23 and a criminal history category of VI, was 92 to 115 months. Maxie Deckard was subsequently sentenced to 115 months imprisonment followed by a 5 year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, substance testing and treatment and a $100 mandatory special assessment. On March 2, 2015, Maxie Deckard completed his imprisonment and began service of the supervision term.

On April 10, 2014, Judge Clark reduced the imprisonment sentence from 115 months to 65 months.

**B. Allegations in Petition**

The United States Probation Office alleges that the defendant violated the following mandatory condition of release:

*The defendant shall not illegally possess a controlled substance.*

Specifically, on October 16, 2015, Mr. Deckard was arrested by the Nacogdoches Police and charged with Possession of Marijuana.

**C. Evidence presented at Hearing:**

At the hearing, the Government proffered evidence in support of the allegation in the petition to revoke. Specifically, the Government would establish that as part of his supervision, Mr. Deckard was ordered to refrain from illegal possession of a controlled substance. The Government would offer the testimony of Mr. Deckard's probation officer and an officer with the Nacogdoches Police Department establishing that Maxie Deckard was in possession of marijuana on the date alleged in the petition.

**D. Sentencing Guidelines; Findings and Recommended Disposition**

The allegations, supporting evidence and plea of true warrant revocation of supervised release. See 18 U.S.C. § 3583(e)(3). The Court factually finds by a preponderance of the evidence that the defendant violated a mandatory condition of his supervised release by possessing a controlled substance. This conduct constitutes a Grade C violation under U.S.S.G. § 7B1.3(a)(1). Upon finding a Grade C violation, the Court may (A) revoke the defendant's supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. *See* U.S.S.G. § 7B1.3(a)(2). Based upon the Defendant's criminal

history category of VI and the Grade C violation, the sentencing guidelines suggest a sentence of imprisonment for a period ranging from 8 to 14 months. *See* U.S.S.G. § 7B1.4(a). Because the original offense of conviction was a Class B felony, the statutory maximum imprisonment term upon revocation is three (3) years. *See* 18 U.S.C. § 3583(e)(3).

If the Court revokes a defendant's term of supervision and orders the defendant to serve a term of imprisonment for that revocation, the Court may also require that the defendant be placed on a new term of supervised release. *See* 18 U.S.C. § 3583(h). The length of this term of supervised release shall not exceed the term of supervised release authorized by statute for the offense which resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. *Id.* In this case, the authorized term of supervised release by statute is not more than life. *See* 18 U.S.C. § 3583(b)(2)&(h).

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States v. Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised release[1], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001). Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable. *Id*. *See also United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

Here, the evidence and the defendant's own admission supports a finding that the

---

[1] *See* U.S. Sentencing Guidelines Manual, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

defendant committed a Grade C violation of his supervision conditions. Defendant pled true, agreed with the Court's recommended sentence for that violation, and waived his right to allocute before the District Court.

Accordingly, based upon the defendant's plea of true, the agreement of the parties, and the evidence presented in this case, it is the recommendation of the undersigned United States Magistrate Judge that the District Court accept the plea of true and revoke Defendant's supervised release. The undersigned magistrate judge recommends that the District Court order Defendant to serve a term of twelve (12) months and one (1) day imprisonment.

The Court further recommends that, upon release from prison, the defendant serve a new term of supervised release of twelve (12) months. The new term of supervision should be subject to the same mandatory and standard conditions adopted by the Court and imposed in the original judgment of conviction. The Court further finds that the special conditions stated in the judgment originally imposed by the District Court are still relevant based on the record of the case and the evidence submitted by the Probation Office in conjunction with the petition to revoke.

### **OBJECTIONS**

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1). A party's failure to object bars that party from: (1) entitlement to de novo review by a district judge of proposed findings and recommendations, and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court. See *Douglass v. United Servs. Auto. Ass'n*., 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge

must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation. *See Hernandez v. Estelle*, 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 16th day of June, 2016.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE